# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF D. BRYCE FINLEY, ESQ., BAR NO. 9310.

No. 79607



**FILED**

DEC 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, an amended conditional guilty plea agreement in exchange for a stated form of discipline for attorney D. Bryce Finley.[1] Under the agreement, Finley admitted to violating the diversion and mentoring agreement he entered into pursuant to SCR 105.5 such that that agreement has been terminated and alternative sanctions must be imposed. *See* SCR 105.5(6)(b). He has agreed to a 2-year suspension, stayed subject to certain conditions, and an 18-month probationary period.

---

[1]This court rejected Finley's original conditional guilty plea agreement in *In re Discipline of Finley*, Docket No. 77996 (Order Rejecting Conditional Guilty Plea Agreement, May 14, 2019).

 
19-50438

Finley has admitted to the facts and violations as part of his guilty plea agreement. Thus, the record establishes Finley abandoned his practice and his clients, failed to perform legal services for which he was hired, and failed to keep his clients apprised of their cases' status. And, after Finley entered into a diversion and mentoring agreement with the State Bar related to that misconduct, he breached that agreement by failing to pay restitution.

The issue for this court is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Finley admitted that he acted knowingly and that he violated duties owed to his clients, causing injury and the potential for more injury. The baseline sanction before considering aggravating or mitigating factors is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2018) (providing that suspension is appropriate when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or . . . engages in a pattern of neglect and causes injury or potential injury to a client"). The record supports the panel's findings of three aggravating factors (pattern of misconduct, multiple offenses, and vulnerability of victims) and seven mitigating factors (personal or emotional

SUPREME COURT
OF
NEVADA

(O) 1947A

problems; timely good faith effort to make restitution; full and free disclosure to disciplinary authority or cooperative attitude toward proceeding; mental disability or chemical dependency that led to the misconduct and has been rehabilitated such that the misconduct is not likely to reoccur; interim rehabilitation; remorse; and remoteness of prior offenses). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney D. Bryce Finley from the practice of law for 2 years commencing from the date of this order, with the suspension stayed subject to the following conditions. Finley shall be subject to an 18-month probation from the date of this order. During that probation, Finley shall not have any new grievances filed against him arising out of conduct post-dating the conditional guilty plea agreement that results in actual discipline. He shall make monthly restitution payments of at least $750 per month until all restitution described in the diversion and mentoring agreement is paid. He shall continue treatment with the Lawyer's Assistance Program, which shall submit monthly reports regarding his treatment. Within 30 days of this order, Finley shall obtain a mentor with at least 10 years' experience in the practice of law, who shall submit quarterly reports to the State Bar addressing Finley's caseload, trust account procedures, and the general welfare of Finley and his law practice. Finally, Finley shall pay the costs of the disciplinary proceedings,

including $2,500 under SCR 120, within 30 days from the date of this order. The State Bar shall comply with SCR 121.1.[2]

It is so ORDERED.[3]

_____, C.J.
Gibbons

_____, J.
Cadish

_____, Sr. J.
Douglas

cc: David B. Finley
Chair, Southern Nevada Disciplinary Board
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

---

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

[3]We further order the clerk of this court to remove the confidential designation from this matter as it does not meet any of the confidentiality exceptions outlined in SCR 121. Additionally, no motion has been filed requesting the record be sealed or demonstrating good cause for it to be sealed. *See* SCR 121(12) (providing that unless the matter is confidential, "all filed documents and arguments in lawyer discipline proceedings in the supreme court shall be public, unless for good cause shown, the supreme court enters an order sealing all or part of the record in the court"). Thus, the clerk of this court shall unseal the record in this matter.